468 F.2d 956
 Anthony T. LEE et al., Plaintiffs-Appellees, United States
of America, Plaintiff-Intervenor and Amicus
Curiae, National Education Association,
Inc., Plaintiff-Intervenor,
v.
MACON COUNTY BOARD OF EDUCATION et al., Defendants, Alabama
State Board of Education, Defendant-Appellant.
 No. 30944.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 16, 1972.
 
 T. W. Thagard, Jr., Montgomery, Ala., J. B. Blackburn, Bay Minette, Ala., for defendant-appellant.
 Thomas D. Samford, III, Opelika, Ala., for Auburn University, amicus curiae.
 Solomon Seay, Jr., Montgomery, Ala., Joe Ritsch, David L. Norman, Brian K. Landberg, Justice Department, Civil Rights Division, Washington, D. C., Ira De Ment, U. S. Atty., Montgomery, Ala., for plaintiffs-appellees.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case we reconsider the issues presented on appeal and the order entered by this court in July 1971 postponing and staying compliance with a portion of a district court decree requiring school attendance zones for two Alabama junior colleges. It is not necessary to describe in specific detail the facts or issues involved, since a full statement of them was set forth in our former opinion in this case. Lee v. Macon County Board of Education, 453 F.2d 524, 526 (5th Cir. 1971). Pursuant to the request of counsel for one of the parties, and with the apparent approval of counsel for the other parties to this litigation, one of the Judges of this panel conducted a pre-hearing conference on August 4, 1972 as authorized by Rule 33 F.R.A.P., 28 U.S.C.
 
 
 2
 Prior to the requested conference, the parties through their counsel, filed with this court a stipulation setting out the facts regarding developments during the past year at the two junior colleges in question, Faulkner State and S. D. Bishop State Junior College (formerly Mobile State Junior College). This stipulation reflects concerted and substantial efforts by the Alabama State Board of Education to reduce the racial identifiability of Bishop State including: improvements in physical facilities, purchase of new equipment, encouraging the attendance of students of both races, expansion and improvement of the curriculum, integration of the faculty and staff, and the undertaking of a study by the Alabama Department of Education of the feasibility of eliminating the duplication of programs between the two junior colleges.
 
 
 3
 At the conference the pertinent issues were thoroughly discussed. Counsel for the parties were cooperative and advised the court that a further stipulation could be agreed upon which would fully satisfy all concerned in this litigation. Following that conference counsel for the parties agreed upon and drafted a stipulation which has now been filed with the court, a copy of which is attached as Appendix A. The court wishes to commend counsel for their efforts in seeking to dispose of this litigation in a manner satisfactory to all parties involved.
 
 
 4
 We have carefully analyzed the stipulation and approve it. In our view it adequately deals with the problems presented and serves as an appropriate foundation for the ultimate resolution of this litigation. Accordingly the case is remanded to the United States District Court for the Southern District of Alabama with directions to enter such orders and decrees as may be necessary to accomplish the following: (1) further stay the implementation of the attendance zone requirements through the 1972-73 school year; (2) receive and analyze the interim reports and final study to be filed in the district court by the defendants as agreed upon in the stipulation attached hereto; (3) hold a hearing after the June 1, 1973 filing of the defendant-appellant's completed study to determine whether implementation of the measures proposed therein promises to eliminate the racial character of these important schools, particularly that of Bishop State Junior College; (4) after that hearing enter such further orders as are necessary to achieve a legally sound method of further desegregating Bishop State Junior College by the 1973-74 school year, including a determination as to whether the attendance zone requirement of the August 14, 1970 order should go into effect for the 1973-74 school year; and (5) provide for the full implementation of the terms of the stipulation filed by the parties through their counsel.
 
 
 5
 Remanded with directions.
 
 APPENDIX A
 IN THE UNITED STATES COURT OF
 APPEALS FOR THE FIFTH
 CIRCUIT
 No. 30944
 
 6
 Anthony T. Lee et al.,
 
 
 7
 Plaintiff-Appellees,
 
 
 8
 United States of America,
 
 
 9
 Plaintiff-Intervenor Appellee,
 
 
 10
 National Education Association, Inc.,
 
 
 11
 Plaintiff-Intervenor Appellee,
 
 
 12
 v.
 
 
 13
 Macon County Board of Education et al.,
 
 
 14
 Alabama State Board of Education et al.,
 
 
 15
 Defendants-Appellants.
 
 
 16
 On Appeal from the United States District Court for the
 
 Middle District
 
 17
 of Alabama
 
 STIPULATION
 
 18
 The parties to the above-styled cause hereby stipulate and agree through their counsel to the entry of an order in this cause providing as follows:
 
 
 19
 1. The defendants shall carry out a study of alternatives for administrative and curricular reorganization of Faulkner State Junior College, Bishop State Junior College, Carver State Technical School and Southwest State Technical Institute as described in the Stipulation of Facts filed with the Court on July 26, 1972. In addition, the study committee and the Director of Vocational-Technical and Higher Education within the State Department of Education shall be instructed to give particular emphasis to devising methods and means of erasing the racial identifiability of the S. D. Bishop State Junior College during the course of the study. The defendants' study of methods and means of desegregating Bishop State shall specifically include, but not be limited to, study and reports of findings in the following areas.
 
 
 20
 a. The defendant shall study the feasibility of eliminating duplicate programs among the two junior colleges and trade schools, with a listing of specific programs that could be offered at only one of the four campuses and the appropriate location for these programs. The study shall include an assessment of the actual extent to which the specialized portions of various programs will determine a student's choice of programs by listing the particular courses or units, or probable combinations of courses or units, that a student would take in completing each program or vocational course that would be offered at only one location and by describing the skills that would be acquired in a particular program or vocational course. The study shall also list all duplicate courses (e. g., English, mathematics, biology, etc.) that would be maintained at both the Faulkner and Bishop campuses to serve as component parts of the various programs and vocational courses to be offered at those campuses.
 
 
 21
 b. The defendants shall also study and report upon the feasibility of locating and scheduling courses so that a student would take courses at more than one campus in completing the requirements of a given program or vocational course.
 
 
 22
 c. The defendants shall study the feasibility of merger of the four campuses into a single administrative unit for purposes of faculty hiring and assignment, acquisition and placement of specialized equipment and material, establishing programs, and registration and matriculation of students.
 
 
 23
 d. In conjunction with studies or recommendations for the relocation of educational programs or rearrangement of administrative structure, the defendants shall study and report on the steps necessary in terms of additional transportation or variations in scheduling to insure accessibility of all programs to all persons in the area served, and especially in regard to the residents of the area now served by Bishop State.
 
 
 24
 e. Also in conjunction with studies or recommendations for the relocation of educational programs or rearrangement of administrative structure, the defendants shall study and report on measures necessary to insure equal employment opportunities to black and white faculty and staff, including a description of any proposed reassignments of faculty and staff from the campuses where they are now employed.
 
 
 25
 f. The defendants' study shall include an examination and report on the current and potential use of existing facilities at the two junior colleges and trade schools. The study shall also include proposed priorities for future construction or expansion of facilities, specifying types of facilities to be constructed or improved and proposed sites.
 
 
 26
 g. The studies, described in paragraphs a, b, and c above and any other specific proposals studied by the defendants, shall include projections of total enrollment by race at each of the two trade schools and two junior colleges subsequent to the implementation of any such proposals contained in the study and a description of the information upon which the projections are based.
 
 
 27
 h. The study shall specify, and provide for, substantial steps to be taken toward implementation by the beginning of the 1973-74 school year.
 
 
 28
 2. The study referred to in paragraph 1 shall be completed and filed with the United States District Court for the Southern District of Alabama by June 1, 1973.
 
 
 29
 On October 15, 1972, as part of their annual report to the court, the defendants shall report the status of the study showing (1) the identity of the persons conducting the study, (2) a detailed plan of the study including the areas set out in paragraph 1, (3) drafts of anticipated proposals, (4) the portions of the study that have been accomplished, (5) a description of the data being compiled and sources being utilized, including the results of any surveys to determine educational needs in the community, (6) any additional directives given to the study group by members of the Department of Education or the State Superintendent.
 
 
 30
 A similar report shall be filed on March 1, 1973, reflecting any changed or additional information in regard to the items included in the October 15, 1972, report.
 
 
 31
 3. This case shall be remanded to the United States District Court for the Southern District of Alabama with directions to continue the stay of the attendance zone requirements for Faulkner State and Bishop State (contained in paragraph 7 of the order entered August 14, 1970, in Lee and United States v. Macon County Board of Education, M.D. Ala., C.A. No. 604-E) through the 1972-73 school year. The district court is also directed (1) to receive the interim reports to be filed by the defendants as set forth in paragraph 2, (2) to receive the final study and report to be filed by the defendants as set forth in paragraphs 1 and 2, (3) to hold a hearing after the June 1, 1973, filing of the defendants' completed study to determine whether the steps to be taken by the defendants will provide a legally sound method for the further desegregation of Bishop State Junior College and whether or not the attendance zone requirement of the August 14, 1970, order should go into effect for the 1973-74 school year, and (4) to enter such further orders as may be necessary prior to the beginning of the 1973-74 school year.
 
 
 32
 /s/ THOMAS M. KEELING
 
 BY ATR
 THOMAS M. KEELING
 Attorney for the United States
 
 33
 THOMAS W. THAGARD, JR.
 
 Attorney for defendants
 
 34
 SOLOMON S. SEAY, JR.
 
 Attorney for plaintiffs and
 National Education
 Association